UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, # 186788,<br>aka *Charles Willis Lamb*,<br><br>        Plaintiff,<br><br>v.<br><br>Mrs. Debra Austin, Lieber Correctional<br>Institution Medical Staff Director,<br><br>        Defendant.<br>_____ | C/A No. 8:09-01622-CMC-BHH<br><br><br>REPORT AND RECOMMENDATION |

Charles Lamb (Plaintiff) currently is incarcerated at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections. Proceeding *pro se*, Plaintiff filed this action pursuant to 42 U.S.C. § 1983[1] and *in forma pauperis* under 28 U.S.C. § 1915.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district

court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

The Eighth Amendment's prohibition on "cruel and unusual punishment" extends beyond those punishments meted out by statute or imposed by a sentencing judge, *see Wilson v. Seiter*, 501 U.S. 294, 297 (1991), to encompass "the treatment a prisoner receives in prison and the conditions under which he is confined," *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The showing required to demonstrate an Eighth Amendment deprivation "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In *Estelle v. Gamble*, 429 U.S. at 97, the Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citation omitted). Even though the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (collecting cases).

The Supreme Court has distinguished deliberate indifference to serious medical needs of prisoners from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Cruel and Unusual Punishments Clause. *Estelle*

3

*v. Gamble*, 429 U.S. at 105-06. Negligent or incorrect medical treatment is not actionable under § 1983. *Id.* at 106. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Specifically, medical malpractice is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

In this case, Plaintiff complains about medical treatment, or lack thereof, that he received. Specifically, the statement of his claim portion of his complaint follows verbatim:

> I would like to sue the Lieber Correctional Institution Medical Staff Director Mrs. Debra Austin because I told Mrs. Debra Austin that I think that I was getting ready to have a heartattack and they refuse to check me out with the equipment to see if I was having a heartattack to see what was wrong with me and what the problem is.

(Docket Entry 1-1 at page 3.) Plaintiff does not allege sufficient facts to support deliberate indifference to his serious medical need. The complaint is sparse, but apparently, Plaintiff did not receive the treatment of his choice because he states that the defendant did not check him out with the preferred equipment. Therefore, the Plaintiff alleges a negligence claim at most and has failed to allege facts in support of a constitutional violation.

Additionally, it is unclear what relief the Plaintiff seeks regarding his claim that he was not checked with equipment to determine if he was going to have a heart attack. The relief that he seeks in the relief portion of this complaint does not relate to this claim. In

4

the relief portion of his complaint, Plaintiff asks the Court to serve the defendant with the complaint and to set a court date because she did not provide Plaintiff with Tylenol 3 when his hand was in a lot of pain.  (Docket Entry 1-3 at pages 1-2.)

Assuming that Plaintiff is attempting to assert an additional claim for deliberate indifference to his serious medical needs concerning his hand injury, "[d]eliberate indifference maybe demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). With regard to his medical treatment, the plaintiff fails to allege any facts to support deliberate indifference.  He states that he did not receive Tylenol 3.  At most, again, this sounds in negligence and is not actionable under § 1983.  Plaintiff has failed to allege facts in support of a constitutional violation, and this complaint should be dismissed.

## Recommendation

Accordingly, it is recommended that this complaint be dismissed *without prejudice* and without issuance and service of process.  **Plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

July 20, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).